**SO ORDERED.**

**SIGNED this 03 day of October, 2007.**



_____
Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**
_____

DESIGNATED FOR ON-LINE USE; NOT DESIGNATED FOR PRINT PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re:<br><br>RAFTER SEVEN RANCHES, LP,<br><br>                DEBTOR. | CASE NO. 05-40483<br>CHAPTER 12 |

### MEMORANDUM OPINION AND ORDER
### DENYING DEBTOR'S MOTION FOR RECONSIDERATION AND
### GRANTING C.H. BROWN'S MOTION FOR SUMMARY JUDGMENT ON DEBTOR'S
### OBJECTION TO AMENDED CLAIM

The Court has under advisement the Motion for Summary Judgment[1] of C.H. Brown Company on Debtor's objection to C.H. Brown's proof of claim, as amended pursuant to the Court's order of February 10, 2006, and Debtor's Motion for Reconsideration of the Court's Order of February 10, 2006.[2] Debtor, Rafter Seven (hereafter "Debtor"), appears by William E.

---

[1] Doc. 303, filed July 27, 2007.

[2] Doc. 308, filed August 20, 2007.

Metcalf. C.H. Brown Company (hereafter "Brown") appears by Justice B. King and Richard Petersen-Klein, of Fisher, Patterson, Sayler & Smith, L.L.P. There are no other appearances. The Court has jurisdiction over the motion for summary judgment on the objection to the amended proof of claim,[3] but for the reasons examined below lacks jurisdiction to reconsider its order of February 10, 2006.

**I. History of litigation concerning Brown's proof of claim.**

This dispute arises out of four prepetition leases between Brown, as lessor, and the Debtor, as lessee, for the lease of four irrigation sprinkler systems to be installed by Ochs Irrigation on four quarter sections of Debtor's farm property. The Leases were made in the spring of 2001 and require semi-annual payments for five years. Debtor made no Lease payments. Brown sued Ochs and Debtor in Wyoming state court. Debtor filed for relief under Chapter 12 on March 7, 2005.[4] Brown filed an unsecured proof of claim dated July 12, 2005, for $116,680 due under the leases, plus interest at the contract rate of 10% and attorney fees.

Debtor objected to the proof of claim, asserting that the equipment was never delivered and the Debtor rescinded and repudiated the leases.[5] Trial was held on January 9-10, 2006. By opinion filed on February 10, 2006, this Court found that Debtor was liable on three of the four

---

[3] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Allowance and disallowance of claims against the estate are core proceedings which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(B). There is no objection to venue or jurisdiction over the parties.

[4] This case was filed before October 17, 2005, when most provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 become effective. All statutory references to the Bankruptcy Code are to 11 U.S.C. §§ 101 - 1330 (2004), unless otherwise specified. All references to the Federal Rules of Bankruptcy Procedure are to Fed. R. Bankr. P. (2004), unless otherwise specified.

[5] Doc. 81, filed August 24, 2005.

leases, lease numbers R135, R136, and R137.[6] The Court also found that Brown was entitled to a claim for rental payments, prepetition interest at the contract rate, and prepetition attorney's fees and expenses, and residual value of three sprinklers in the amount of $6,000.[7] Brown was directed to file an amended proof of claim within 30 days, and Debtor was given 10 days to object. Debtor's motion for reconsideration[8] was denied.[9]

On March 10, 2006, Brown filed an amended proof of unsecured claim for $97,738.02, comprised of unpaid prepetition leases payments with interest, residual value of $2,000 per lease, and attorney fees of $1,430.00. Debtor objected to the amended claim.[10]

On March 20, 2006, Debtor also filed a notice of appeal to the Bankruptcy Appellate Panel for the Tenth Circuit (hereafter "BAP") of the Court's opinion and order filed on February 10, 2006, and the denial of the motion to reconsider filed on March 8, 2006.[11] Hearing on the objection to the amended proof of claim was continued pending the outcome of the appeal to the BAP.[12] By Opinion filed on February 21, 2007, the BAP affirmed.[13] On March 23, 2007, Debtor

---

[6] Doc. 168, filed February 10, 2006, at pp. 24-25.

[7] *Id.*, at p. 25.

[8] Doc. 175, filed February 20, 2006.

[9] Doc. 180, filed March 8, 2006.

[10] Doc. 184, filed March 20, 2006.

[11] Doc. 183, filed March 20, 2006.

[12] Docs. 193, 209, 232, 237, and 253.

[13] Doc. 276, *Rafter Seven Ranches, LP v. C.H. Brown Company (In re Rafter Seven Ranches, LP)*, 362 B.R. 25 (10th Cir. BAP 2007).

3

filed a notice of appeal of the BAP decision to the Tenth Circuit.[14] A stay pending appeal was not requested or otherwise entered.

On April 27, 2007, Brown filed a Motion for Determination that no Stay Exists Relative to the Enforcement of the Court's Order of February 10, 2006 Granting C. H. Brown's Proof of Claim as Amended.[15] The Court granted the motion by order filed on July 3, 2007.[16]

On July 27, 2007, Brown filed a motion for Summary Judgment seeking an order overruling Debtor's objection to Brown's amended proof of claim.[17] Debtor responded by opposing the motion for summary judgment and filing a Motion for Reconsideration of the Court's Order of February 10, 2006.[18] After the parties briefed both pending motions, the Court took the matters under advisement.

**II. Debtor's motion for reconsideration of the Court's order of February 10, 2006 is denied.**

Even when the question is not raised by the parties, a bankruptcy court should not proceed unless it is satisfied that it has jurisdiction.[19] Examination of well established rules concerning the transfer of jurisdiction to appellate counts compels the conclusion that this Court has no jurisdiction to reconsider its ruling of February 10, 2006.

---

[14] Doc. 280. Docketed in Bankruptcy case on March 28, 2007.

[15] Doc. 281, filed April 27, 2007.

[16] Doc. 299, filed July 3, 2007.

[17] Doc. 303, filed July 27, 2007.

[18] Doc. 308, filed August 20, 2007; doc. 309, filed August 20, 2007.

[19] *Integra - a Hotel and Restaurant Co. v. Fidelity Capital Appreciation Fund (In re Integra Realty Resources, Inc.)*, 262 F.3d 1089, 1098 n. 5 (10th Cir. 2001), *citing Qwest Comm. Int'l v. FCC*, 240 F.3d 886, 891 (10th Cir. 2001).

Debtor's filing of the notice of appeal to the BAP and then from the BAP to the Tenth Circuit has divested this Court of jurisdiction to reconsider the February 10, 2006 order. As stated by the United States Supreme Court, in the context of an appeal from a district court to a court of appeals, "The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[20] The rule is based upon the premise that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously."[21] The rule is "clearly necessary to prevent the procedural chaos that would result if concurrent jurisdiction were permitted."[22] It applies to appeals from bankruptcy court orders.[23]

In this case, the Court issued an order on February 10, 2006, holding that Brown has an unsecured claim based upon three of the four prepetition leases. Debtor's timely motion to reconsider was denied. Debtor appealed to the BAP, and the BAP affirmed. Debtor has now appealed from the BAP to the Tenth Circuit. Clearly, pursuant to the foregoing authorities, this Court has no jurisdiction to reconsider the February 10, 2006 order. Debtor's motion is denied.

---

[20] *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

[21] *Id.*

[22] *In re Butcher Boy Meat Market, Inc.*, 10 B.R. 258, 259 (Bankr. E.D. Pa. 1981).

[23] *E.g., Id.* (holding that appeal divested bankruptcy court of subject matter jurisdiction to reconsider order of dismissal which was being appealed)*; In re Maurice*, 179 B.R. 881 (Bankr. N. D. Ill. 1995) (holding that pending appeal to court of appeals of bankruptcy court order denying a motion to alter or amend a judgment of sanctions divested the bankruptcy court of jurisdiction to consider a motion for "guidance" on the issue which was the subject of the appeal); *Bryant v. Smith (In re Bryant)*, 175 B.R. 9 (D.W.D. Va. 1994) (holding that bankruptcy court lacked jurisdiction to issue memorandum finding that debtors had failed to show good cause or excusable neglect for their delay in claiming exemptions where the memorandum was issued after the filing of an appeal of a prior district court order holding that a showing of good cause or excusable neglect was required to allow late filed exemptions).

**III. Brown's motion for summary judgment on allowance of Brown's amended proof of claim is granted.**

    **A. The Court had jurisdiction to rule on Debtor's objection to Brown's amended proof of claim.**

Before reaching the merits of Brown's motion for summary judgment, the Court pauses to address jurisdiction. Notwithstanding the appeal of the February 10, 2006 order, the Court has jurisdiction to rule on the objection to the amended proof of claim. As held by the BAP when finding it had jurisdiction over Debtor's appeal from the February 10, 2006 Order, "[a]n order disposing of an objection to a claim is a final order for purposes of 28 U.S.C. § 158(a)(1)" and "nothing remains for the bankruptcy court's consideration."[24] The objection to the amended proof of claim and the summary judgment motion are not a continuation of the contested matter initiated by Debtor's objection to Brown's initial proof of claim.

In accord with the February 10, 2006 order, Brown filed an amended proof of claim, and Debtor objected. This initiated a new contested matter which is the subject of the motion for summary judgment. There has been no stay of the February 10, 2006 order, which has been affirmed by the BAP. The Court's ruling that Brown has an unsecured claim under the three leases may be treated as final, even though the appeal to the Tenth Circuit is pending.[25]

    **B. Brown's amended claim.**

As stated above, the February 10, 2006 order established Brown's entitlement to an unsecured claim "for rental payments, prepetition interest at the contract rate, and prepetition

---

[24] *In re Rafter Seven Ranches, LP.*, 362 B.R. at 28.

[25] 10 *Collier on Bankruptcy* ¶ 8005.02 (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 15th ed. rev. 2007) (stating, "The consequences of failing to seek or obtain a stay is that the prevailing party may treat the judgement or order of the bankruptcy judge as final, notwithstanding that an appeal is pending.").

Case 05-40483    Doc# 321    Filed 10/03/07    Page 6 of 11

attorneys fees and expenses with respect to" leases R135, R136, and R137.[26]  The Court also approved Brown's claim for $6,000, the residual value of the three sprinklers leased pursuant to the foregoing leases.[27]  Thus, the only issue is the proper calculation of the amount of the claim based upon the respective leases.

Brown's amended proof of claim is for $97,738.02.  Debtor objected.  Brown moved for summary judgment.  In support of its motion for summary judgment, Brown filed an affidavit supporting minor adjustments in the calculation of the amount of the claim, so that it now seeks $97,030.92, comprised of rental payments due as of the date of filing, the residual value of $2,000 for each lease, interest on the past due rental payments at the rate of 10% per year, and prepetition attorney fees of $6,241.00, less sale proceeds of $6,000.00.  Under Rule 7056(c), summary judgment is proper "if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[28]

**C. Uncontroverted Facts.**

**1. Facts Debtor does not attempt to controvert.**

Debtor does not controvert the procedural history as set forth above, and those facts are incorporated herein by reference.  Debtor also does not controvert the following facts relating to the amount of Brown's claim.

---

[26] Doc. 168, slip op. at p. 25.

[27] *Id.*

[28] Fed. R. Bankr. P. 7056(c), made applicable to contested matters by Fed. R. Bankr. P. 9014(c).

7

When Debtor filed for relief on March 7, 2005, no payments had been made to Brown. Lease R135 includes ten semi-annual rental payments of $2,660 beginning November 10, 2001; Lease R136 includes ten semi-annual rental payments of $2,696.00 beginning December 10, 2001; and Lease R137 includes ten semi-annual rental payments of $2,725.00 beginning January 10, 2002. Each of the leases provides that the residual value of the property at the end of the term is $2,000. On November 15, 2006, Brown sold the sprinkler systems which related to the three leases to Custom Irrigation and Repair for $6,000.

**2. Debtor fails to effectively controvert five statements of fact.**

Debtor attempts to controvert five statements of fact set forth by Brown, but for the following reasons the Court finds that these facts are also uncontroverted. The first are Brown's three statements of fact of the payments required by each lease, including the statement that each lease provides for "10% per annum interest on unpaid balances from the date due until paid." Brown's statements are supported by reference to the leases. In response, as to each of the three statements, Debtor states, "Controverted to the extent that no basis to charge ten percent interest is cited. Interest appears to be charged on past due lease payments not unpaid balances."

Debtor's attempt to controvert the interest calculation is rejected as insufficient under the applicable summary judgment standards. "Rule 56(c) provides that, when a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'"[29] The resisting party "may not rest upon the mere allegations or denials"[30] but must "go beyond the pleadings and by her own affidavits, or by the

---

[29] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P.56(c)).

[30] *Id.*, 477 U.S. at 248.

8

'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[31] Debtor's statements regarding interest are not supported by affidavits or references to other materials. Further, each lease in paragraph 19, Remedies, provides in part that "Lessor may recover interest on the unpaid balance of Lessor's Loss, from the date it becomes payable until fully paid at the rate of 10% per annum." Lessor's Loss is defined to include unpaid payments due under the lease. The BAP noted in its opinion in this case that "[u]nder the Leases, interest at the rate of 10% was due from the date of each semi-annual payment required but not made."[32] Pursuant to the summary judgment rules, it is uncontroverted that each of the leases provides for "10% interest on unpaid balances from the date due until paid" and the three paragraphs stating the payments due under each lease are uncontroverted.

The fourth statement of fact which Debtor ineffectively attempts to controvert is the following: "Pre-petition attorney's fees and costs of Brown's Wyoming counsel related to Lease Nos. R135, R136 and R137 totaled $6,241.00." The statement is supported by the affidavit of C.H. Brown, president of C.H. Brown Company. In response, Debtor states: "Controverted - no detail of fees has been provided. There were several parties to the state lawsuit and there is no description of how the fees were established among parties or among the leases." Debtor provides no affidavit and no reference to depositions, answers to interrogatories, or admissions on file showing that detail is required or that the amount of fees claimed is not related to the

---

[31] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[32] *In re Rafter Seven Ranches, LP.*, 362 B.R. at 27, n. 2.

enforcement of the three leases in state court. Pursuant to the summary judgment rules, Brown's statement is considered uncontroverted.

Finally, Debtor ineffectively attempts to controvert Brown's statement that "[t]he balance owing on the Amended Claim, including pre-petition attorney fees and costs and application of sale proceeds, is $97,030.92." Brown's statement of fact is supported by the affidavit of C.H. Brown, to which is attached a worksheet showing how the claim was calculated. Debtor responds: "Controverted - the amount of fees for the attorney fees has not been specified in enough detail to determine whether they are reasonable. No basis for ten percent interest has been established." Again, Debtor's statement is unsupported by affidavit or other materials required by Rule 7056(c) to create a genuine issue of fact. There is no genuine issue of material fact as to the amount of the amended claim.

**D. Analysis.**

There are no material facts in controversy. Debtor's motion for summary judgment is supported by the leases and the affidavit of C.H. Brown, which incorporates an attached detailed calculation sheet. Brown is entitled to judgment as a matter of law allowing its unsecured claim in the amount of $97,030.92.

**IV. Conclusion.**

For the foregoing reasons, the Court denies Debtor's motion for reconsideration of the Court's order of February 10, 2006 because it lacks subject matter jurisdiction. The Court grants Brown's motion for summary judgment on Debtor's objection to Brown's amended claim. Brown holds an unsecured claim in the amount of $97,030.92.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter.  Judgments based upon this ruling will be entered on separate documents as required by Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

###