**SO ORDERED.**

**SIGNED this 15 day of July, 2008.**



_____
JANICE MILLER KARLIN
UNITED STATES BANKRUPTCY JUDGE
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

In re: )
)
RAFTER SEVEN RANCHES, LP, ) Case No. 05-40483
) Chapter 12
Debtor. )
_____)

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on WNL Investments, L.L.C.'s ("WNL") Motion to Enforce Settlement Agreement.[1] WNL is seeking an order from the Court requiring Debtor, Rafter Seven Ranches, LP ("Rafter Seven") to comply with a provision in the parties' joint Settlement Agreement that expressly prohibited Rafter Seven from taking any action to create any lien or encumbrance on certain real estate.

In January 2006, over two and one-half years ago, WNL and Rafter Seven reached an agreement to resolve all disputes between them, including a dispute over three tracts of land

_____
[1]Doc. 411.

located in Finney County, Kansas. The parties refer to the real estate that still remains in dispute as "Tract 3."[2] The Settlement Agreement was memorialized in an agreed order entered on February 27, 2006,[3] and that agreement has already been the subject of extensive litigation.[4]

The Settlement Agreement provided that WNL "is and shall be the absolute owner of all legal and equitable title and interest in" the three tracts of real estate.[5] The agreement further stated that Rafter Seven and its principal partner Michael J. Friesen ("Friesen") "shall not do anything to cause any lien or encumbrance on" the three tracts of land.[6]

The agreement also required Rafter Seven to pay WNL $240,000 on or before July 15, 2006. In the event Rafter Seven did not timely make this payment, WNL was required to sell the land, one tract at a time, until it had raised at least $240,000, with any excess money from the sale of the land being returned to Rafter Seven. On October 31, 2006, WNL sold Tract 2 at auction, and then proceeded to sell Tract 3 that same day because the sales of Tracts 1 and 2 failed to raised the required $240,000. Immediately before the sale, Judge Somers had ruled that Tracts 2 and 3 could be sold consecutively on the same day.

---

[2] The real estate is the land in the Southeast Quarter of 25-22-31 in Finney County, Kansas.

[3] Doc. 177.

[4] *See, e.g. In re Rafter Seven Ranches LP*, 378 B.R. 418 (Table), 2007 WL 2694310 (10th Cir. BAP 2007).

[5] Doc. 177 at p. 5, ¶ 5(a).

[6] *Id.*

The Bankruptcy Appellate Panel reversed that decision, however, finding that the sales should have been conducted on separate days. That order effectively invalidates the sale, and the tract must now be re-sold because the net proceeds from the sales of Tract 1 and 2 were insufficient to retire the debt.

Duane Koster was the high bidder on both Tracts 2 and 3. Following the auction, but before the sale on Tract 3 was actually closed, Koster received permission from WNL—who was the undisputed owner of all legal and equitable interest in the land— to allow Southwest Agriculture ("Southwest Ag"), which is a partnership in which Koster holds a 1/7 interest, to immediately plant a wheat crop on Tract 3. This was done based upon the joint belief by both WNL and Koster that the sale would close normally. They were wrong, however, because after the sale and after Southwest Ag had completed some clean up work and planting of the wheat crop on that land, at considerable expense to Southwest Ag, Friesen filed a motion for reconsideration on the issue of whether Tract 3 could be sold the same day as Tract 2. That is the appeal that ultimately led to the invalidation of Koster's purchase of Tract 3. While the appeal was pending before the BAP, Southwest Ag harvested the wheat crop on Tract 3, realizing less than $3,000 net profit from that crop. The undisputed evidence at the trial conducted July 9, 2008 is that Koster's share of that net profit was approximately $380.

On October 21, 2007, over three months after Southwest Ag had harvested and sold the 2007 wheat crop from Tract 3, and a few weeks after Southwest Ag had planted the 2008 wheat crop on Tract 3, Rafter Seven filed a Motion (later amended) for Actual Damages,

Attorney Fees, Costs and Punitive Damages against WNL and Koster, claiming they had both violated the automatic stay imposed by 11 U.S.C. § 362 when Koster planted, harvested and sold the 2007 wheat crop on Tract 3.[7] This motion was based upon a provision in the agreed order that indicated that Rafter Seven was entitled to all future farm income from Tract 3.

In addition, and most significant to this decision, on October 29, 2007, immediately before the auction of Tracts 2 and 3, Friesen filed a Notice of Suit with the Finney County Register of Deeds Re: SE/4 25-22-31. The Notice of Suit stated that "[a]n additional action was filed in the Kansas Bankruptcy Court on October 22, 2007 (sic) seeking redress for violations of [the agreed order]. Failure to account and comply may deprive Rafter Seven Ranches, LP from purchasing said property and, <u>as such, may constitute an actual or equitable lien on this property</u>."[8] WNL contends that this Notice of Suit was an attempt by Friesen, acting on behalf of Rafter Seven, to cloud the title to Tract 3 in violation of the agreed order, and thus to delay the ultimate sale.

In response, Friesen claims that the Notice of Suit "does not constitute or (sic) encumbrance on the real estate pursuant to K.S.A. 60-2003(a)" and that he filed the Notice because it "merely puts the public on notice that Rafter Seven Ranches seeks to rely on the protection of the United States Bankruptcy Court to protect its interest in the subject property."[9] The Court generously finds this position to be disingenuous, at best.

---

[7]This motion was decided in favor of Koster and WNL in a Memorandum Opinion and Order issued on July 15, 2008.

[8]*See* Doc. 411, Exhibit B. (emphasis added).

[9]Doc. 414.

WNL attached a portion of Friesen's deposition to the current motion, and in his deposition, under oath, he clearly indicates he filed the Notice of Suit to create a cloud on the title, and even admits having discussed that very matter with an employee of a title company,[10] although he conveniently could not recall what impact the title company employee thought the Notice of Suit would have.

The Court finds that regardless of Friesen's subjective motivation for filing that Notice immediately before the scheduled sale of Tract 3, the Notice likely does, or well could, create a cloud on the title to Tract 3 that would frustrate the re-sale of that land. The Court has just decided that Debtor's claim for damages as a result of a purported stay violation by WNL or Koster is invalid. Debtor clearly acknowledged in the Settlement Agreement that WNL was the sole owner of all real and equitable interest in Tract 3. The Settlement Agreement calls for Tract 3 to be sold, since the sale of the other two tracts did not result in WNL receiving net sale proceeds totaling $240,000, and it should be sold forthwith.

Because the action referenced in the Notice of Suit filed with the Finney County Register of Deeds on October 29, 2007 has been decided against Rafter Seven and no lien or encumbrance can or will be placed against that property as a result of that action, the Notice should be deemed immediately invalid. Counsel for WNL may file this Order with

---

[10]Friesen deposition at pp..115-16, attached as Exhibit "C" to WNL's instant motion. Debtor's principal, Mr. Friesen, has also noted that he used to own two title companies, so he is no stranger to how one goes about creating a cloud on the title to real estate. *See* p 109, line 20.

5

the appropriate office in Finney County, Kansas, and the Order shall have the effect of eliminating and/or invalidating that Notice from the title to the subject real estate.

**IT IS, THEREFORE, BY THE COURT ORDERED** that WNL's Motion to Enforce Settlement Agreement is granted. This Order serves the purpose of effectively eliminating the Notice of Suit, as the Notice is invalid. The Court assumes Friesen will take no future action in violation of the Settlement Agreement, including but not limited to causing any additional cloud on the title to the subject real property.[11]

**IT IS SO ORDERED.**

###

---

[11] The Court has also been notified, via the attachment of Exhibit D to WNL's reply brief, Doc. 415, that Michael Friesen has recently sent a letter, as general partner of Rafter Seven, addressed to Southwest Ag, where he claims Rafter Seven is the "owner in possession" of Tract 3, and warns Southwest Ag to "[g]overn yourselves accordingly." The Court has received no evidence suggesting that this recently claimed "ownership" interest is remotely valid. The Court reminds Rafter Seven and its owners that the Settlement Agreement unambiguously provides that WNL holds all legal and equitable title in Tract 3. The Court will look unfavorably on any further attempt by Friesen, Rafter Seven, or anyone connected with them, to interfere with WNL's right to that land or with the sale of that land according to the terms of the agreement. Given this reminder, the Court advises Mr. Friesen to take his own advice and "govern himself accordingly."

6

Case 05-40483   Doc# 433   Filed 07/15/08   Page 6 of 6